IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-229-D

TYRONE PEELE, )
 )
            Plaintiff, )
 )
   v. ) **ORDER**
 )
JACK A. WILLIFORD, )
 )
           Defendant. )

On June 4, 2019, Tyrone Peele ("Peele" or "plaintiff"), a Pennsylvania state inmate proceeding pro se, moved to proceed in forma pauperis [D.E. 1] and attached a proposed complaint [D.E. 1-1], exhibits [D.E. 1-2], and other filings, including a motion for appointment of counsel [D.E. 1-4]. On October 8, 2019, Peele moved for entry of default [D.E. 2]. As explained below, the court permits Peele to proceed in forma pauperis, but dismisses the action for lack of subject-matter jurisdiction and denies his motions to proceed in forma pauperis, for appointment of counsel, and for entry of default.

When a litigant seeks leave to proceed in forma pauperis, the court shall dismiss the case if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Additionally, the court has "an independent obligation to determine whether subject-matter jurisdiction exists." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

Peele cites a non-existent federal statute, "28 U.S.C. § 1854(c)(1)(A)," and sues the "court appointed administrator" of an estate in probate in Bertie County Superior Court based on "a breakdown in the process of the court" which Peele believes violates the Due Process Clause of the Fourteenth Amendment.[1] Compl. [D.E. 1-1] 1. Peele contends that he has been "formally and officially identified as an heir/beneficiary" of the estate, but the administrator has "failed to properly render an account to probate court" and has not responded to Peele's requests for information. Id. at 3–4. Peele seeks "specific performance" in the form of "copies of the [e]state . . . Administor Official Transactions from start date (10/25/2016) to present" and his share of the estate paid into his prison trust account, together with compensatory and punitive damages. Id. at 6–7.

A federal court does not presume that it has jurisdiction. See Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999); see also Anderson v. XYZ Corr. Health Servs., Inc.,

---

[1] Peele is likely referring to 29 U.S.C. § 1854(c)(1)(A).

407 F.3d 674, 677 (4th Cir. 2005). Moreover, "[i]t is not sufficient to obtain jurisdiction . . . to merely assert a constitutional violation." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citation omitted). If the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., 191 F.3d at 399.

"[A] federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789 . . . did not extend to probate matters." Markham v. Allen, 326 U.S. 490, 494 (1946). "Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 311–12 (2006). Peele seeks an order disbursing funds held in an estate, and the court lacks jurisdiction over his claims.

As for Peele's request for appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Posner's abilities do not present exceptional circumstances. Accordingly, the court denies Peele's request for appointed counsel.

As for Peele's motion for entry of default, the motion is premature. An entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant is not required to answer until after the defendant has been served with the summons and complaint. See Fed. R. Civ. P. 12(a). Because

3

defendant has not been served with the summons and complaint, no answer is due. Therefore, the court denies the motion.

In sum, the court DISMISSES this action for lack of jurisdiction and DENIES plaintiff's motions to proceed in forma pauperis [D.E. 1], for appointment of counsel [D.E. 1–4], and entry of default [D.E. 2]. The clerk shall close the case.

SO ORDERED. This 16 day of December 2019.

JAMES C. DEVER III<br>
United States District Judge